UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT LEE ROSA,

        Petitioner,

v.

RANDEE REWERTS,

        Respondent.
_____/

Case No. 1:18-cv-940

Honorable Gordon J. Quist

## **OPINION**

This is a habeas corpus action brought by a former state prisoner under 28 U.S.C. § 2254. At the time Petitioner Robert Lee Rosa filed his habeas corpus petition, he was incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Montcalm County, Michigan. Respondent has submitted a suggestion of death (ECF No. 8), consistent with Federal Rule of Civil Procedure 25(a). The documents Respondent filed indicate that Petitioner died at DRF on June 3, 2019. (Death Certificate, ECF No. 8-2, PageID.688.) Because of Petitioner's death, the Michigan Department of Corrections discharged him. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=590889 (visited Jan. 5, 2020).

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court considered whether a prisoner's discharge mooted the prisoner's habeas petition challenging his incarceration. Because prisoner Spencer, as well as Petitioner here, was incarcerated at the time the petition was filed, he satisfied the "in custody" requirement of 28 U.S.C. § 2254. *Id.* at 7. The *Spencer* Court

recognized, however, that the "case or controversy" requirement of Article III, § 2, of the Constitution, requires more:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). *See also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer*, 523 U.S. at 7 (parallel citations omitted). Once a petitioner's sentence has expired, however, some actual injury other than the incarceration—some "collateral consequence"—must exist for a case to continue. *Id.* If there is no such collateral consequence, the petition is moot.

"Mootness" deprives the Court of jurisdiction. *See Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir. 2009) ("Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question."). The death of an inmate during the pendency of his habeas petition renders the action moot and deprives the Court of jurisdiction. *Hailey v. Russell*, 394 U.S. 915 (1969); *Figueroa v. Rivera*, 147 F.3d 77 (1st Cir. 1998); *Portalatin v. Graham*, 624 F.3d 69, 78 n.3 (2d Cir. 2010); *Keitel v. Mazurkiewicz*, 729 F.3d 278 (3rd Cir. 2013); *Eakes v. McCall*, 553 F. App'x 268 (4th Cir. 2013); *Knapp v. Baker*, 509 F.2d 922 (5th Cir. 1975); *Beach v. Humphries*, No. 89-3483, 1990 WL 140574 (6th Cir. 1990); *Hillman v. McCaughtry*, 14 F.3d 350 (7th Cir. 1994); *Hann v. Hawk*, 205 F.2d 839 (8th Cir. 1953); *Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003); *Jones v. Royal*, No. 15-6086, 2017 WL 4875552 (10th Cir. Mar. 30, 2017); *Bruno v. Secretary, Florida Dep't of Corr.*, 700 F.3d 445 (11th Cir. 2012); *Parkman v. Harrison*, No. 01-7028, 2002 WL 1461799 (D.C. Cir.

July 8, 2002). Accordingly, the Court will dismiss this action because Petitioner's death has rendered the petition moot and the Court no longer has jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c), a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. Fed. R. App. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard a petitioner must meet depends on whether the issues raised in the petition were denied on the merits or on procedural grounds.

This Court dismissed Petitioner's application on the procedural ground of lack of jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims for lack of jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability and

concludes that any issue that might be raised on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


Dated: January 13, 2020                                                    /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE